IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Robert E. Canady, Jr. | : | |
| Plaintiff | : | Case No. 2:07-cv-1266 |
| v. | : | Judge Sargus |
| Jim Rekau, et al., | : | Magistrate Judge Abel |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' motion to dismiss based on the doctrine of abstention (doc. 8.), Plaintiff's response (doc. 10), and Defendants' reply to Plaintiff's response (doc. 11). For the reasons below, it is **RECOMMENDED** that Defendants' motion to dismiss based on the doctrine of abstention be **DENIED**.

**Background**

On December 14, 2007, Plaintiff Robert E. Canady, Jr., *pro se*, filed a Complaint against Defendants alleging discrimination based on disparate treatment, denial of accommodation for disabilities, retaliation and unlawful discharge, and emotional distress. (Doc. 3, pp. 5-6.) On February 4, 2008, Defendants moved the Court to dismiss, or in the alternative to stay, pursuant to the doctrine of abstention. (Doc. 8.) Defendants' memorandum contends that the allegations made in Plaintiff's Complaint are currently being litigated in a concurrent case in the Franklin County Court of Common Pleas, which was filed on December 10, 2007. (*Id.* at p. 1; doc. 8-2,

p. 1.) In addition, the memorandum asserts that Defendants face parallel, duplicative litigation with the possibility of inconsistent results. (Doc. 8, p. 4.) Defendants' memorandum also asserts that the state court litigation has progressed further than the federal action. (*Id.*) Plaintiff's response memorandum asserts that, while the two actions may seem parallel, once the proceedings and discovery processes begin to unravel, the two courts wouldn't be resolving the same issues of law and fact. (Doc. 10, p. 3.) Defendants' reply memorandum disagrees. (Doc. 11.)

**Law**

Under the Supreme Court of the United States' jurisprudence, there are various abstention doctrines. *See generally* 17A Charles Alan Wright et al., Federal Practice & Procedure § 4241 et seq. (3d ed. 2007, Supp. 2008). Defendants invoke abstention pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). (Doc. 8, p. 4.) Abstention under *Colorado River* is premised on wise judicial administration. *Id.* at 817.

The standard under *Colorado River* is restrictive because there is a "virtually unflagging obligation of federal courts to exercise the jurisdiction given to them." *Id.* The Supreme Court in *Colorado River* explained that:

> *Abstention from the exercise of federal jurisdiction is the exception, not the rule.* "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation

> to decide cases can be justified under this doctrine only in
> the *exceptional circumstances* . . . ."

*Colorado River*, 424 U.S. at 813 (emphasis added) (internal citation omitted).

To determine whether a dismissal or stay is appropriate under *Colorado River*, the District Court must undertake a two-part inquiry. *See Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998); *Madoffe v. Safelite Solutions, LLC*, 2007 WL 496665, *5 (S.D. Ohio Feb 8, 2007). The District Court "must first determine that the concurrent state and federal actions are actually parallel." *Romine*, 160 F.3d at 339. "Cases are considered parallel when they involve the same parties and the same claims. The cases need not be identical, but the resolution of the state court action must provide complete relief for the federal action." *Madoffe*, 2007 WL 496665, at *5-*6 (internal citations omitted).

Under the second part of the inquiry, if the suits are parallel, the District Court must analyze the two actions according to the *Colorado River* factors. *Id*. at *5. The Sixth Circuit, construing *Colorado River* and its progenies, has identified eight factors that a District Court must consider when deciding to abstain from exercising its jurisdiction due to a concurrent state court action:

> **(1)** whether the state court has assumed jurisdiction over
> any res or property; **(2)** whether the federal forum is less
> convenient to the parties; **(3)** avoidance of piecemeal
> litigation; ... **(4)** the order in which jurisdiction was obtained[;] ...
> **(5)** whether the source of governing law is state or federal;
> **(6)** the adequacy of the state court action to protect the federal
> plaintiff's rights; **(7)** the relative progress of the state and

3

> federal proceedings; and **(8)** the presence or absence of concurrent jurisdiction.

*PaineWebber, Inc. v. Cohen,* 276 F.3d 197, 206 (6th Cir. 2001) (emphasis added) (internal citations omitted). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River*, 424 U.S. at 818-819.

**<u>Analysis</u>**

As an initial matter, Plaintiff's action before this Court and the action in Franklin County Court of Common Pleas are parallel actions. *See Madoffe*, 2007 WL 496665, at *5-*6. The cases involve the same parties and the allegations and grounds for relief are essentially the same. (See Docs. 3 and 8-2.)

After evaluating and weighing the *Colorado River* factors, the Court finds this case does not present "exceptional circumstances" that would persuade it to dismiss or stay Plaintiff's case before the Court. Since there is no property involved, the first factor has little or no significance. The Sixth Circuit would conclude that it weighs against abstention. *Romine*, 160 F.3d at 341. The second factor–whether the federal forum is less convenient to the parties–counsels against abstention because "both actions are pending in courthouses in the same city: Columbus, Ohio." *Id*. The third factor–avoidance of piecemeal litigation–would almost always weigh in favor of

4

abstention. *See Madoffe*, 2007 WL 496665, at *9 (explaining that "every situation involving parallel state and federal litigation is piecemeal by definition") (internal citation omitted). The fourth factor–the order in which jurisdiction was obtained–does not carry significant weight in favor of abstention. Although the state court action was filed first, the two lawsuits were filed days apart. *See PaineWebber, Inc.*, 276 F.3d at 207; *Finch v. Thomas Asphalt Paving Co.*, 252 F.Supp.2d 459, 464 (N.D. Ohio 2002) ("[T]he Supreme Court notes that 'priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.'") (internal citation omitted). Defendants assert that there has been an answer filed and a trial calendar set in the state court action. This does not indicate, however, that much more progress has been made in the state court action.

Although not to a significant degree, the fifth factor–whether the source of governing law is state or federal–on balance counsels against abstention. Both substantive federal and state laws are involved. (*See* Docs. 3 and 8-2.) Defendants do not indicate, and the Court is not aware of any, "novel or difficult state law question" in the action. *See Finch*, 252 F.Supp.2d at 465. However, since there is concurrent jurisdiction with the state court this factor does not have a significant bearing. *See Romine*, 160 F.3d at 342.

The sixth factor–the adequacy of the state court action to protect the federal

5

plaintiff's rights–weigh in favor of abstention. Both the state and federal courts provide adequate forums to protect Canady's federal rights. Plaintiff hasn't offered any "legitimate contention that the Ohio state courts are incapable of safeguarding [his federal] rights." *See Romine*, 160 F.3d at 342.

The seventh–the relative progress of the state and federal proceedings–and the eight–the presence or absence of concurrent jurisdiction–factors reiterate considerations already discussed. With respect to the seventh factor, there has been no substantial progress in the state court action. With respect to the eight factor, there is concurrent jurisdiction. See *Raygor v. Regents of University of Minnesota* 534 U.S. 533, 555 n.15 (2002) ("Claims brought under state antidiscrimination statutes . . . will often be bound up with claims under similar federal statutes, such as 42 U.S.C. § 1983 (1994 ed., Supp. V); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (1994 ed. and Supp. V); and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. (1994 ed. and Supp. V). The state courts have concurrent jurisdiction over these federal statutes.") (dissenting opinion) (internal citations omitted); *Hayes v. City of Memphis,* 108 Fed.Appx. 262, 264-265 (6th Cir. 2004) (not published).

On balance, I conclude that the circumstances presented do not rise to the level of "exceptional circumstances" necessary to overcome the virtually unflagging obligation to exercise the jurisdiction given to the District Court. Accordingly, it is

**RECOMMENDED** that Plaintiff's motion to dismiss, or in the alternative to stay, the action before this Court be **DENIED**.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

                                                    s/Mark R. Abel
                                                    United States Magistrate Judge