IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT E. CANADY, Jr.,

    Plaintiff,

vs.

Case No. C2-07-1266
Judge Edmund A. Sargus, Jr.
Magistrate Judge Mark R. Abel

REKAU & REKAU, INC.,
    et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' Motion for Reconsideration of the Recommended Denial of Defendants' Motion to Dismiss Based Upon the Doctrine of Abstention. Because the Magistrate Judge committed no error, the Motion for Reconsideration is **DENIED** and Court **ADOPTS** the Magistrate Judge's June 13, 2008 Report and Recommendations.

I.

On December 10, 2007, Plaintiff filed a *pro se* complaint with the Franklin County Court of Common Pleas. Plaintiff set forth claims arising from his former employment relationship with Defendant, Rekau & Rekau, Inc., under Title VII, the Americans With Disabilities Act, the Ohio Civil Rights Act and for workers' compensation retaliation. Defendants have filed an answer in the state court action and that case is pending, with a trial calendar having been set by the state court.

On December 17, 2007, Plaintiff filed the current action in this Court, again, proceeding without the benefit of an attorney. Plaintiff pleaded the same claims in the instant federal case as he had in the state court action.

Defendants thereafter moved the Court to dismiss, or in the alternative to stay, based to the doctrine of abstention. According to Defendants, Plaintiff has petitioned two separate courts to resolve the same issues of fact and law. Defendants maintain that they face parallel, duplicative litigation unnecessarily doubling their defense cost and exposing them to the possibility of inconsistent results.

Defendants have moved this Court to reconsider the recommended denial of Defendants' Motion to Dismiss Based Upon the Doctrine of Abstention. Defendants agree that the Magistrate Judge properly employed the appropriate two-part analysis for determining whether a federal court should abstain, as set forth in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818-19 (1976). They object, however, to the Magistrate Judge's analysis insofar as he did not find that the balance of factors weigh in favor of abstention. Defendants maintain that the Court should grant the Motion because the state and federal proceedings are parallel, the danger of piecemeal litigation is imminent, the state court case has progressed considerably further than the federal action, and the state court has concurrent jurisdiction over the claims.

## II.

When a party lodges an objection to a magistrate judge's report and recommendation, the district court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). A finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001)(quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690

(6th Cir. 1992)). To establish that a magistrate judge's opinion is contrary to law, an aggrieved party must demonstrate that the conclusions ignore or contradict relevant precepts of law. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).

### III.

In *Colorado River* the Supreme Court developed a two-part test for determining when abstention is appropriate. 424 U.S. at 818-19. The Court, first, must determine whether the state and federal complaints are parallel, and, second, must balance eight factors to determine whether the circumstances warrant abstention. *Romine v. Compuserve Corp.*, 160 F.3d 337, 340-41 (6th Cir. 1998). The Sixth Circuit has identified eight factors that a district court must consider when deciding whether to abstain from exercising properly lodged federal jurisdiction in deference to a concurrent state court action:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; . . . (4) the order in which jurisdiction was obtained[;] . . .(5) whether the source of governing law is state or federal . . . ; (6) the adequacy of the state court action to protect the federal plaintiff's rights . . . ; (7) the relative progress of the state and federal proceedings. . . ; and (8) the presence or absence of concurrent jurisdiction . . . .

*Romain*, 160 F.3d at 340-41 (citations omitted); *see also PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 206 (6th Cir. 2001)(collecting cases and discussing eight factors).

Defendants do not object to the Magistrate Judge's determination that Plaintiff's state and federal complaints are parallel. Nor do Defendants challenge the Magistrate Judge's findings that the first and second factors have little significance and weigh against abstention because no property is involved and both actions are pending in courthouses in the same city. They maintain, however,

that the remaining factors favor abstention.

The Court has examined the Magistrate Judge's Report and Recommendations, and has thoroughly reviewed Defendants' Motion and the objections raised therein. Because the Court finds no error in the Magistrate Judge's analysis, Defendants' Motion will be denied.

As set forth by the Magistrate Judge, the standard under *Colorado River* is restrictive because federal courts hold a "virtually unflagging obligation . . . to exercise the jurisdiction given to them." 424 U.S. at 817. The Supreme Court in *Colorado River* explained the narrow application of the abstention doctrine:

> Abstention from the exercise of federal jurisdiction is the exception, not the rule. "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the *exceptional circumstances* . . . ."

*Colorado River*, 424 U.S. at 813 (emphasis added) (citation omitted).

After evaluating and weighing the *Colorado River* factors, the Magistrate Judge found that this case does not present the type of "exceptional circumstances" that would justify dismissing or staying the case. This Court agrees. Defendants have not presented a meritorious argument that the Magistrate Judge erred in balancing the applicable factors.

The Magistrate Judge found that the third factor–avoidance of piecemeal litigation– almost always weigh in favor of abstention. Defendants seem to suggest that the Magistrate Judge did not give this factor enough significance. A review of the Report and Recommendations reveals, however, that the Magistrate Judge did consider this factor and weighed it in the balance. Moreover, "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account

both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River*, 424 U.S. at 818-19.

The Magistrate Judge found the fourth factor–the order in which jurisdiction was obtained–did not carry significant weight in favor of abstention, noting that the state court action was filed only days earlier than the instant federal action. Defendants object because Plaintiff filed his Motion for leave to proceed *in forma pauperis* on December 17, 2007, but that his Complaint was not officially filed until January 2, 2008. The Court is not persuaded that this technicality alters the analysis. *See Finch v. Thomas Asphalt Paving Co.*, 252 F. Supp.2d 459, 464 (N.D. Ohio 2002)("[T]he Supreme Court notes that 'priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.'")(internal citation omitted).[1]

Similarly, the Court finds no error in the Magistrate Judge's analysis of the remaining four factors. Defendants have failed to present any additional case law or argument that the Magistrate Judge did not already consider. The Court agrees that, on balance, the circumstances presented do not rise to the level of "exceptional circumstances" necessary to overcome the virtually unflagging obligation to exercise its jurisdiction.

**IV.**

---

[1] Defendants also contend that the Magistrate Judge misapplied this factor by finding that the state court proceedings had not progressed so far as to weigh in favor of abstention. Defendants note that, since the filing of their original motion to dismiss or stay, they have engaged in discovery in the state court case. The Magistrate Judge cannot be faulted now for not including in his analysis matters about which he had no knowledge. Furthermore, at the time Defendants engaged in discovery in the state court case, they had full knowledge of this federal proceeding. Nothing precluded Defendants from conducting discovery in the two cases concurrently. Whatever discovery they have adduced in the state court case certainly may be used in this action without doubling the cost of defense.

The Court has considered the arguments made by counsel, the cases cited and the opinions and analysis of the Magistrate Judge in his thorough Report and Recommendations. The Court finds no evidence to demonstrate that a mistake has been committed and, consequently, Magistrate Judge Abel's decision is neither clearly erroneous nor contrary to law. Rule 72(a); 28 U.S.C. § 636(b)(1)(A). Defendants' Motion for Reconsideration (Doc.#14) is accordingly **DENIED**.

**IT IS SO ORDERED.**

_9-8-2008_
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**