IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT E. CANADY, JR.,**

    **Plaintiff,**

    v.

**JIM REKAU, et al.,**

    **Defendants.**

**Case No. 2:07-cv-1266**
**Judge Sargus**
**Magistrate Judge Deavers**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Robert E. Canady's Motion for Summary Judgment (Doc. 34) and Defendants' Motion to Dismiss. (Doc. 35.) For the reasons that follow, Defendants' Motion to Dismiss is **GRANTED**.

**I.**

On December 10, 2007, Plaintiff, proceeding pro se, filed suit against Defendants in the Court of Common Pleas of Franklin County, Ohio claiming discrimination based upon disparate treatment in violation of Title VII of the Civil Rights Act of 1964 and Chapter 4112 of the Ohio Revised Code, and failure to accommodate his disabilities in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (*See* Defs.' Mot. Dismiss Ex. 1.) Plaintiff's claims arose out of his employment at a McDonald's restaurant owned by Defendant Rekau, and his subsequent termination. (*See* Defs.' Mot. Dismiss Ex. 1.) Plaintiff has filed an action against the same defendants in state court, with the claims arising out of the same employment relationship.

By opinion dated December 12, 2008, Judge David Cain of the Franklin County Court of

Common Pleas granted summary judgment in favor of Defendants and dismissed Plaintiff's state action. (*See* Defs.' Mot. Dismiss Ex. 2.) By Order dated January 22, 2009, this Court stayed the instant action pending Plaintiff's appeal of the dismissal of his state action. (*See* Doc. 31.) In an opinion issued September 22, 2009, the Ohio Court of Appeals for the Tenth Appellate District affirmed Judge Cain's grant of summary judgment to Defendants. (*See* Defs.' Mot. Dismiss Ex. 3.) The instant action was subsequently reopened, and Defendants now move to dismiss on the ground that the doctrine of res judicata bars Plaintiff's claims. Plaintiff simultaneously moves for summary judgment.

## II.

"The purpose of res judicata is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). Res judicata can involve claim preclusion or issue preclusion. *See Taylor v. Sturgell*, 128 S. Ct. 2161, 2171 (2008). Claim preclusion bars the relitigation "of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). Issue preclusion bars the relitigation "of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim." *Id.* at 748-49. Here, Defendants contend that claim preclusion should bar Plaintiff's claims.

Federal courts "must give the same preclusive effect, under the doctrine[] of res judicata . . . to state court judgments that those judgments would receive in courts of the rendering state." *Ingram v. City of Columbus*, 185 F.3d 579, 593 (6th Cir. 1999). Accordingly, the Court looks to

the Ohio law of claim preclusion in assessing Defendants' motion. Under Ohio law, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 653 N.E.2d 226, 382 (Ohio 1995).

A decision granting a motion for summary judgment constitutes a final judgment on the merits. *See Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Here, Judge Cain granted summary judgment to Defendants on the claims raised in Plaintiff's state action and Judge Cain's decision was upheld on appeal. Thus, a final judgment has been rendered upon the merits of the claims raised in the state action, and Plaintiff has provided no basis to attack the validity of the judgment. Accordingly, the Court must next determine if the claims in the instant action arise from the same transaction or occurrence that was the subject matter of the claims raised in the Court of Common Pleas. Because the claims are identical to those raised in the state action, the Court finds that Plaintiff's claims are barred by res judicata.

Plaintiff's complaint pleads claims for "Desparate [sic] Treatment," "Denial of Accommodation For Disabilities," "Retaliation and Unlawful Discharge," and "Emotional Distress, Pain, and Suffering." (*See* Compl.) All of these claims arise from his employment with Defendant Rekau, the termination of that employment, and his supervision while so employed by Defendants Ebner and Smith. While the claims are worded differently in the state and federal court complaints, the claims are virtually identical. Moreover, even if the claims raised in plaintiff's federal complaint could be said to include claims not included in the state complaint, Ohio law on res judicata precludes claims from litigation that could have been raised (claims arising from the same subject matter) in an earlier action decided on the merits. *Grava*, 653

N.E.2d at 382. Because all the claims arise from Plaintiff's former employment with Rekau, he could have brought any additional claims that may be present in the instant case in his action in the Court of Common Pleas. Thus, all the claims raised in Plaintiff's complaint in the instant action are precluded by the doctrine of res judicata.

### III.

For the above reasons, Defendants' Motion to Dismiss (Doc. 35) is **GRANTED** and Plaintiff's Motion for Summary Judgment (Doc. 34) is accordingly **DENIED**. The Clerk is directed to enter judgment for Defendants and close this matter.

**IT IS SO ORDERED.**

9-1-2010
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**